UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANN ANDERSON | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1562 |
| STANDARD FIRE INSURANCE COMPANY, ET AL. | SECTION: "A" (4) |

## ORDER

Before the Court is **Defendant's Motion To Compel Discovery and Award Attorney's Fees and Costs (R. Doc. 13)** filed by the Defendant, Standard Fire Insurance Company ("Standard Fire"), seeking an Order from this Court compelling the Plaintiff, Ann Anderson, ("Anderson"), to respond to its Interrogatories and Requests for Production of Documents, which were propounded on or about April 30, 2009. Standard Fire also asks the Court to strike any of Anderson's objections and requests an award of attorney's fees and costs. The motion was heard without oral argument on Wednesday, July 15, 2009.

First, as to Standard Fire's request that the Court strike any of Anderson's objections to its Interrogatories and Requests for Production, pursuant to Federal Rule of Civil Procedure ("Rule") 33(b)(4), "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4); *see also In Re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Therefore, Standard Fire's

request is denied as Anderson's objections to Standard Fire's Interrogatories and Requests for Production are waived by operation of law. *See* Fed.R.Civ.P. 33(b)(4).[1]

As to Standard Fire's Motion to Compel, Rule 37.1E provides that "[n]o motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." L.R. 37.1E.

In the Rule 37.1E Certificate, counsel for Standard Fire certifies that he conferred with counsel for Anderson during a discovery teleconference for the purpose of amicably resolving the discovery issues. (R. Doc. 13-5, p. 1.) Counsel further avers that he consented to counsel for Anderson's request for additional time to respond to the discovery requests. (R. Doc. 13-5, p. 1.) In the body of the motion, counsel for Standard Fire explains that he provided Anderson with a 7-day extension to provide the responses. (R. Doc. 13-2, p. 2.) Notwithstanding this extension of time to respond, counsel for Anderson failed to provide the answers to the discovery requests. As a result, Standard Fire filed the instant motion to compel.

The Court first notes that the subject discovery requests were propounded on April 30, 2009. (*See* R. Doc. 13-3, Standard Fire's First Set of Interrogs. and First Set of Reqs. for Produc. of Doc. Apr. 30, 2009.) Therefore, Anderson's responses were due no later than May 29, 2009. Although counsel for Standard Fire extended the deadline by seven days, Anderson did not provide responses until July 10, 2009, some five (5) days before the hearing.

---

[1] Likewise, under Rule 36(a)(3) a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requests party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed.R.Civ.P. 36(a)(3).

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the hearing. Anderson did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Anderson did file an untimely response to Standard Fire's Motion on July 10, 2009, three days after the deadline for filing a response. (*See* R. Doc. 16.) Anderson did not request leave of the Court to file an untimely response nor did Anderson provide any explanation for the untimely filing.

To compound the timeliness issues, Anderson's responses to Standard Fire's Interrogatories and Requests for Production of Documents are inadequate. (*See* R. Doc. 16-2, Ex. 1.) Anderson's responses provide almost no information. (R. Doc. 16-2, Ex. 1.) Many of Anderson's responses simply state that discovery is ongoing, and provide no substantive information. (R. Doc. 16-2, Ex. 1.) Considering the quality of the responses and Anderson's failure to timely file, this Court will consider Standard Fire's Motion unopposed. Accordingly, after concluding that the motion has merit,

**IT IS ORDERED** that the Defendant, Standard Fire Insurance Company's **Motion To Compel Discovery and Award Attorney's Fees and Costs (R. Doc. 13)** is hereby **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS GRANTED** regarding Standard Fire's Motion to Compel Anderson to respond to its Interrogatories and Requests for Production.

- **IT IS DENIED** regarding Standard Fire's request for attorney's fees and costs and Standard Fire's request that the Court strike Anderson's objections because Anderson's potential objections to Standard Fire's Interrogatories and Requests for Production are waived by operation of law under Rule 33(b)(4).

**IT IS FURTHER ORDERED** that Anderson shall provide complete and adequate responses to Standard Fire's Interrogatories and Requests for Production of Documents no later

than **eleven (11) days** from the signing of this Order.

However, Standard Fire is not awarded the fees and costs incurred in bringing the motion. Although Anderson's responses were untimely and inadequate, the case is still in the early phases of discovery and Anderson provides responses to at least some of Standard Fire's Interrogatories and Requests for Production. Therefore, Standard Fire's Request for Attorney's Fees and Costs is **DENIED**.

New Orleans, Louisiana, this 8th day of September 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**